**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Graciela Kohlman, | Case No. 2:24-cv-00719-JAD-NJK |
| Plaintiff | |
| v. | |
| Lawrence Mudgett III; Safer Law; Daniel E. Marshall; Fast Eviction Lawyer, | **Order Granting Motions to Dismiss and Closing Case** |
| Defendants | ECF Nos. 8, 13, 19 |

Graciela Kohlman sued California lawyer Lawrence Mudgett III dba Safer Law in the San Diego Superior Court in 2019, and Mudgett retained another California attorney, Daniel Marshall dba Fast Eviction Lawyer, to represent him in that case. The contentious litigation, presided over by Judge Timothy Taylor, was eventually dismissed, and Kohlman's appeal was denied. Disgruntled Kohlman chalks her loss up to fraud and misconduct, so she sued Judge Taylor in the U.S. District Court for the Southern District of California and filed small-claims cases against Mudgett and Marshall. When those lawsuits all failed, she decided to try her luck in Nevada and now asks this court to fix the San Diego courts' errors and make them apologize for their injustices. Because I find that Kohlman's claims are beyond this court's subject-matter jurisdiction, time-barred, or otherwise legally defective, I grant the defendants' motions to dismiss and close this case.

**Overview**

Kohlman sues Mudgett, Marshall, and their respective law firms for an order vacating the San Diego Superior Court's judgment, expunging a lien that was litigated in that case, and awarding damages.[1]  She summarizes her suit as an attempt to right the injustices she suffered in the San Diego Superior Court matter:

> The basis of these claims is for over 10 years of abuse of power and unethical conduct by officers of the court with free rein in a courthouse.  The legal system failed the Plaintiff and her family because politics are more important than justice, which includes fraud in the court, defamation of character, mental and physical anguish, willful and egregious violation of due process, violations of rights under the constitution (including equal protection and free speech), suppressed evidence, perjury, threats, child endangerment, abuse of the elderly, women, immigrants, and veterans, scare tactics, deprivation of fundamental rights under the law, discrimination against pro se litigants, criminal acts, and legal abuse syndrome.[2]

She wants "an apology from the San Diego Courts for protecting their own and allowing these men to be abusive to an elderly immigrant and her family."[3]

The defendants move to dismiss this case for failure to state a claim and as barred by the applicable statutes of limitation and the *Rooker-Feldman* doctrine, which prevents a federal court from righting legal wrongs that allegedly occurred in the course of a state-court case.  They also ask the court to declare Kohlman a vexatious litigant and issue a prefiling order preventing her from initiating any future actions to avenge her litigation loss.[4]  Because Kohlman's suit is

---

[1] ECF No. 1 at 10.

[2] *Id.*

[3] *Id.*

[4] ECF No. 8 (motion to dismiss by Mudgett/Safer Law); ECF No. 13 (motion to dismiss by Marshall/Fast Eviction Lawyer).

barred by *Rooker-Feldman* and she lacks standing to bring her claims or they are time-barred by

expired statutes of limitations, I grant the motions to dismiss and close this case.  But because

her filing of this lone action in this district falls short of vexatious, I deny the defendants' motion

for a prefiling injunction.

**Analysis**

**A.      Kohlman's suit is barred by the *Rooker-Feldman* doctrine.**

The nature of Kohlman's claims requires this court to decline to exercise jurisdiction

under the *Rooker-Feldman* doctrine.  In *Rooker v. Fidelity Trust Co.*[5] and *District of Columbia*

*Court of Appeals v. Feldman*,[6] the Supreme Court announced that federal district courts may not

generally exercise subject-matter jurisdiction over "cases brought by state-court losers"

challenging "state-court judgments rendered before the district[-]court proceedings

commenced."[7]  Albeit a "narrow"[8] limitation, the *Rooker-Feldman* doctrine applies equally to

state-law judgments, interlocutory orders, and federal-constitutional claims, including due-

process claims and those brought under § 1983.[9]  The Ninth Circuit and Supreme Court have

invoked *Rooker-Feldman* to bar federal review of claims arising from a "state court's

purportedly erroneous judgment,"[10] involving "attacks on state[-]court proceedings [that]

---

[5] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[6] *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

[7] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[8] *Lance v. Dennis*, 546 U.S. 459, 464 (2006).

[9] *Bianchi v. Rylaardam*, 334 F.3d 895, 900 (9th Cir. 2003); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986); *Doe & Assocs. Law Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

[10] *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007).

1  constitute a de facto appeal of the state[-]court judgment,"[11] or seeking "relief that would require

2  the federal court to vacate the final state[-]court judgment."[12]  And it is well settled that federal

3  courts lack jurisdiction to issue writs of mandamus to direct either state officials or state courts in

4  the performance of their duties.[13]  To apply *Rooker-Feldman*, a court must assess whether the

5  allegations advanced in the federal complaint are "inextricably intertwined" with state-court

6  proceedings.[14]  If the "district court must hold that the state court was wrong [to] find in favor of

7  the plaintiff, [then] the issues presented to both courts are inextricably linked."[15]

8          The goal of Kohlman's suit is to get this federal court to correct perceived errors in the

9  state-court proceedings.  She makes no effort to hide the fact that she's asking this federal court

10  to right the wrongs she believes the other courts have done to her.  Kohlman's "Statement of

11  Claim" consists mainly of her perception of the course of the legal proceedings in the San Diego

12  Superior Court and how (she believes) she was "denied due process time and time again."[16]  She

13  complains of how the clerk of court characterized or rejected her filings.[17]  She recounts that the

14  judge "accepted" a "late SLAPP" filing by Mudgett and Marshall because her response was

15  delayed by health issues, and the court ultimately dismissed her case against Marshall in a

16  hearing that started secretly early and while she unwittingly sat waiting outside the courtroom for

17

18

---

19  [11] *Black v. Haselton*, 663 F. App'x 573, 575 (9th Cir. 2016) (unpublished).

20  [12] *Exxon Mobil Corp.*, 544 U.S. at 284.

21  [13] *Demos v U.S. Dist. Ct.*, 925 F.2d 1160, 1161–62 (9th Cir. 1999); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 896, 121 (1984).

22  [14] *Feldman*, 460 U.S. at 486–87.

    [15] *Napolitano*, 252 F.3d at 1030.

23  [16] ECF No. 1 at 6.

    [17] *Id.*

4

the scheduled hearing time to arrive.[18]  She complains of the court's "unjust award of over

$17,000" against her and in favor of Mudgett and Marshall.[19]  And she claims that she lost a

2020 small-claims court case against the pair when their "fraud upon the court" got it

dismissed,[20] and another 2023 small-claims case "was heard" and dismissed without her

"knowledge."[21]  The relief that Kohlman boldly asks for includes:

- "I want the judgment obtained by fraud, and attorney fees vacated";

- "I want the fraudulent lien obtained by fraud acknowledged and removed";

- "I want the case sealed"; and

- "I want an apology from the San Diego Courts . . . ."[22]

And she requests that this court take judicial notice of select filings in these state-court cases that

support her claims here.[23]

In sum, Kohlman wants this court to unwind and vacate years of California state-court

proceedings that didn't go her way and top that relief off with a forced apology from the judges

and clerks responsible for those rulings.  This is a textbook attempt to lodge "a de facto appeal

from a state[-]court judgment,"[24] and it is barred under *Rooker-Feldman.*  And while Kohlman

---

[18] *Id*. at 7.

[19] *Id*.

[20] *Id*.

[21] *Id*. at 8–9.

[22] *Id*. at 10.

[23] ECF No. 19.  The law permits this court to take judicial notice of the filings in other actions, "not for the truth of the facts recited therein, but for" their existence and the docket. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999)).  So I grant Kohlman's motion for judicial notice, ECF No. 19, to the extent permitted by the law.

[24] *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (cleaned up).  Kohlman's reliance on Federal Rule of Civil Procedure 60(b)(3), *see* ECF No. 16 at 3, is unsound.  That rule only allows a court to set aside *its own* judgment; it does not permit a federal court to set aside *a*

1 layers her allegations with incendiary terms like fraud, due-process, equal-protection,

2 cyberbullying, and breach of contract, those allegations are inextricably intertwined with the

3 proceedings and rulings in the California state-court matters, and to find in her favor on these

4 federal claims would undermine the holdings in, and finality of, those cases.

5      As the United States Court of Appeals for the Ninth Circuit explained in *Bianchi v.*

6 *Rylaarsdam*, "[i]If claims raised in the federal court action are 'inextricably intertwined' with the

7 state court's decision such that the adjudication of the federal claims would undercut the state

8 ruling or require the district court to interpret the application of state laws or procedural rules,

9 then the federal complaint must be dismissed for lack of subject-matter jurisdiction."[25]  And

10 that's exactly what Kohlman seeks here.  All of her legal theories are aimed at reversing her

11 losses in the California "legal system [that] failed the Plaintiff and her family" and curing this

12 "[g]ross injustice" that she suffered "while trying to seek justice."[26]  Because "[t]he integrity of

13 the judicial process depends on federal courts respecting final state-court judgments and

14 rebuffing de facto appeals of those judgments to federal court,"[27] I dismiss Kohlman's complaint

15 for lack of subject-matter jurisdiction.

16

17

*state court's* judgment.  *See Holder v. Simon*, 384 F. App'x 669 (9th Cir. 2010) ("Rule 60(b)
18 does not provide a basis for subject-matter jurisdiction over a claim for relief from a state-court
judgment.") (cleaned up).

19
[25] *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

20 [26] ECF No. 1 at 3, 10.  To the extent that any claim of Kohlman's is more properly characterized
as one alleging a prior injury that the California courts failed to remedy, it is barred by res
21 judicata.  *See Noel v. Hall*, 341 F.3d 1148, 1165 (9th Cir. 2003) ("The *Rooker–Feldman* doctrine,
generally speaking, bars a plaintiff from bringing a § 1983 suit to remedy an injury *inflicted by*
22 the state court's decision.  Preclusion, on the other hand, applies when a federal plaintiff
complains of an injury that was not caused by the state court, but which the state court has
23 previously failed to rectify." (quoting *Jensen v. Foley,* 295 F.3d 745, 747–48 (7th Cir. 2002))).

[27] *Bianchi*, 334 F.3d at 902 (cleaned up).

**B.     Kohlman's claims fail for other reasons, too.**

Even if Kohlman's more wide-ranging claims were not barred by *Rooker-Feldman*, they would have to be dismissed due to other incurable defects.  Many of Kohlman's theories seek redress on behalf of others.  For example, on page 9 of her complaint, Kohlman attempts to assert a breach-of-contract claim, theorizing that Mudgett's recording of "a fraudulent lien" on her house in 2017 "breached a mutual contractual agreement" with Kohlman's daughter inked in 2015.[28]  But Kohlman doesn't offer any facts from which it can be inferred that she is a beneficiary of that contract between Mudgett and her daughter.  So Kohlman lacks standing to seek redress for that alleged breach.[29]

The same is true for Kohlman's "cyberbullying" claim in which she explains vaguely that "plaintiffs faced cyberbullying as retaliation for filing a State Bar Complaint" against Mudgett and Marshall.[30]  The injury she claims is that her "daughter experienced fake distress calls and a Facebook page impersonating her, opened in San Diego," causing the daughter to sell her house, "resulting in a loss of over $800k, including her retirement funds."[31]  Kohlman cannot champion this claim on her daughter's behalf.[32]  Nor can Kohlman assert claims related to the alleged harassment by the defendants who "exposed" the personally identifying information of her

---

[28] ECF No. 1 at 9.

[29] *See, e.g.*, *Nevada Sav. & Loan Ass'n v. Hood*, 839 P.2d 1324, 1326 (Nev. 1992) (dismissing claim because daughter lacked standing to bring action that belonged to mother).

[30] ECF No. 1 at 8.

[31] *Id*.

[32] *See, e.g.*, *Schwartz v. Lopez*, 382 P.3d 886, 894 (Nev. 2016) (noting that "[g]enerally, a party must show a personal injury" to bring a claim); *Beazer Homes Holding Corp. v. Eighth Jud. Dist. Ct.*, 291 P.3d 128, 133 (Nev. 2012) (recognizing that a party generally cannot assert the claim of another because an action must be commenced by the party with the right to enforce the claim).

daughter and grandchildren.[33]  While Kohlman argues without citation to legal authority that her "standing to sue is established through the Defendant's [sic] conduct that led to reputational harm and financial losses,"[34] the law doesn't let her assert claims for such harms to others.

Kohlman's claims are also time-barred.  Most are based on events that occurred from 2012 through 2020.[35]  In Nevada, claims for civil-rights violations and personal injuries arising from torts are governed by a two-year statute of limitations.[36]  The "extrinsic fraud" that she alleges occurred from 2017–2020[37] is governed by a three-year statute of limitations.[38]  So the deadlines on all of the fraud, tort, and constitutional claims that Kohlman asserts had already expired by the time she filed this suit on April 12, 2024.[39]  And while she also complains about Mudgett and Marshall's conduct in her second small-claims case filed in 2023, those allegations don't appear to form the basis for any of her constitutional claims.[40]  So even if this case were

---

[33] *See* ECF No. 1 at 8 ("Dating back to 2012, and as recently as 2023, the Defendants have been threatening the Plaintiff's family. . . . Mudgett . . . exposed . . . the grandchildren's social security numbers, names, age, addresses, and her daughter's complete financial information.").

[34] ECF No. 16 at 27.

[35] *See generally id.*

[36] *See* Nev. Rev. Stat. § 11.190(4)(e); *McKinney v. Boyd Gaming Corp.*, 12 F. App'x 599, 601 (9th Cir. 2001) (acknowledging that constitutional-rights-violations claims are governed by Nevada's two-year statute of limitations for personal-injury actions).

[37] *See* ECF No. 16 at 7–12 (arguing that fraudulent liens were recorded in 2017 and 2020, and court filings were "tampered" with and discovered in 2019).

[38] Nev. Rev. Stat. § 11.190(3)(d).

[39] Kohlman's argument that the statute of limitations on extrinsic fraud claims under 18 U.S.C. § 242 "does not expire" is misplaced.  *See* ECF No. 16 at 20.  That statute does not afford a private right of action, so it cannot supply the authority for any of Kohlman's claims.  *See Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (noting that this is a "criminal provision[]" that "provide[s] no basis for civil liability").

[40] It further appears that any state-law claims that Kohlman asserts are before this court only on pendent jurisdiction because she lacks allegations demonstrating that her claims satisfy the $75,000 jurisdictional threshold for diversity jurisdiction.  Because this case has no real

1 | not being dismissed for want of subject-matter jurisdiction, it would be dismissed for failure to

2 | state a timely or cognizable claim.

3 | **C.      The court declines the request to declare Kohlman a vexatious litigant.**

4 | Mudgett and Marshall ask for one additional form of relief: an order declaring Kohlman a

5 | vexatious litigant and precluding Kohlman from filing any more pro se federal actions

6 | concerning all of this California state-court litigation.[41]  Federal district courts have the "ancient"

7 | inherent authority to issue writs—including a prefiling order—to prevent litigants from

8 | continuing to file frivolous lawsuits and abuse the judicial process.[42]  Prefiling orders are an

9 | extreme remedy and should be granted only "after a cautious review of the pertinent

10 | circumstances."[43]  If the court imposes a prefiling order, it must set forth which cases and

11 | motions support its conclusion that the party's filings are so numerous or abusive that they

12 | should be enjoined, make substantive findings as to the frivolous or harassing nature of the

13 | litigant's actions, and narrowly tailor the order to "fit the specific vice encountered."[44]

14 | Although it is clear that this court lacks subject-matter jurisdiction over this case and that

15 | Kohlman should not have filed it, I cannot conclude that Kohlman's litigation history in this

16 | court has reached the point of vexatious.  Much of the vexing conduct in the San Diego litigation

17 | involves acts by Kohlman's daughter and not Kohlman alone.  And while I conclude that this

18 |

19 | ―――――――――――
connection to Nevada, to the extent that any such claim could proceed, I would decline to
20 | exercise supplemental jurisdiction over it.

[41] ECF No. 8 at 11–12; ECF No. 13 at 9–10.

21 | [42] *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (quoting *In re Hartford Textile Corp.*,
22 | 681 F.2d 895, 897 (2d Cir. 1982)); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)).

23 | [43] *Id.* (citation omitted).

[44] *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

9

Nevada action must be dismissed, it is the only suit Kohlman has filed in this court, and there is

no evidence to suggest that Kohlman will file additional lawsuits against these California

defendants[45] in this district in the future. And because this court's prefiling order could impose

such restrictions on Kohlman's future suits in this district only, I cannot conclude that such

extraordinary relief either is warranted or would have any real effect. In short, the act of filing

just one lawsuit in this district, which must be dismissed for lack of subject-matter jurisdiction,

does not a vexatious litigant make. So I deny the defendants' requests for a prefiling order.

### Conclusion

IT IS THEREFORE ORDERED that **plaintiff's request for judicial notice [ECF No.
19] is granted in part:** this court takes judicial notice of the state-court filings at ECF No. 19-1,
but not the truth of the matters therein.

IT IS FURTHER ORDERED that **the defendants' motions to dismiss and to declare
Kohlman a vexatious litigant [ECF Nos. 8, 13] are GRANTED in part and DENIED in
part. This action is dismissed, but the request to declare Kohlman a vexatious litigant is
denied.**

**The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE
THIS CASE.**

And because this case is now dismissed, **the magistrate judge's order directing the
parties to meet, confer, and file a joint proposed discovery plan by August 27, 2024, [ECF
No. 26] is VACATED.**

_____
U.S. District Judge Jennifer A. Dorsey
August 15, 2024

---

[45] Nothing in the complaint suggests that this court has personal jurisdiction over these California
targets, but they don't raise a personal-jurisdiction challenge here.